Dear Commissioner Leavitt,
¶ 0 The Attorney General has received your request for an official opinion asking:
Are the provisions of 59 O.S. 1906 (1988) constitutionalin that they mandate that each applicant for a license topractice as a licensed professional counselor shall be a citizenof the U.S. and be a resident of this state or be in the processof establishing residency?
¶ 1 The statute about which you inquire, 59 O.S. 1906 (1988), provides, in pertinent part, as follows:
 B. Each applicant for a license to practice as a licensed professional counselor shall:
1. Be a citizen of the United States;
 2. Be a resident of this state or be in the process of establishing residency in this state;
¶ 2 Under numerous decisions by the United States Supreme Court, equal protection considerations afforded by the U.S. Constitution require that classifications based on alienage be subjected to close judicial scrutiny. Sugarman v. Dougall, 413 v. S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973). In order to justify the use of a suspect classification, such as one based on alienage, a state must show that its purpose or interest is both constitutionally permissible and substantial, and that its use of the classification is "necessary to the accomplishment of its purpose or the safeguarding of its interests." In re Griffiths,
413 v. S. 717, 722, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973).
¶ 3 Attorney General Opinion No. 74-131 discussed the constitutionality of a citizenship requirement contained in the Medical Practice Act of Oklahoma, 59 O.S. 489.1, 59 O.S. 493
and 59 O.S. 498 (1971). That Act required an applicant for licensure with the Oklahoma State Board of Medical Examiners (now the Board of Medical Licensure and Supervision) to be or to intend to become a citizen of the United States. Opinion No. 74-131 concluded that "Title 59 O.S. 489.1, 59 O.S. 493 and59 O.S. 498 (1971) are unconstitutional insofar as they purport to wholly exclude aliens from the practice of medicine in the State of Oklahoma without regard to other factors." Title 59O.S. 1906(B)(1) (1988), likewise, wholly excludes aliens from practicing as licensed professional counselors, without regard to other factors, and is, therefore, unconstitutional, pursuant toIn re Griffiths, supra.
¶ 4 As for the residency requirement contained in 59 O.S.1906(B)(2) (1988), a state may discriminate against nonresidents only where its reasons are "substantial," and the difference in treatment bears a close or substantial relation to those reasons. S.Ct. of New Hampshire v. Piper, 470 v. S. 274,105 S.Ct. 1272, 84 L.Ed.2d 205 (1985). Article IV, Section 2, of the United States Constitution provides that the "citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." However, it is "only with respect to those `privileges' and `immunities' bearing on the vitality of the Nation as a single entity" that a State must accord residents and nonresidents equal treatment. Baldwin v.Montana Fish Game Comm'n, 436 v. S. 371, 98 S.Ct. 1852,56 L.Ed.2d 354 (1978).
¶ 5 For example, a State may restrict to its residents both the right to vote, see Dunn v. Blumstein, 405 v. S. 330, 343, 344,92 S.Ct. 995, 31 L.Ed.2d 274 (1972), and the right to hold state elective office, see Baldwin, supra. In Baldwin, the United States Supreme Court concluded that a state may charge a nonresident more than it charges a resident for the same elk-hunting license because elk-hunting is a "recreation" rather than a "means of a livelihood;" therefore, the right to a hunting license was not "fundamental" to the promotion of interstate harmony.
¶ 6 However, in Piper, supra, the Supreme Court held that a rule of the new Hampshire Supreme Court that limited bar admission to state residents violated the Privileges and Immunities Clause of the Federal Constitution. One of the privileges which that Clause guarantees to citizens of State A is that of doing business in State B on terms of substantial equality with the citizens of that State. Id. The Supreme Court noted:
 "[L]ike many other constitutional provisions, the privileges and immunities clause is not an absolute." (Citations omitted) The Clause does not preclude discrimination against nonresidents where: (i) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective. . . . In deciding whether the discrimination bears a close or substantial relationship to the State's objective, the Court has considered the availability of less restrictive means.
470 U.S. at 284, 84 L.Ed.2d at 213.
¶ 7 However, the Court held that although a lawyer is "an officer of the court," he does not hold a position that can be entrusted only to a "full-fledged member of the political community." Therefore, the New Hampshire bar residency requirement was not based on a "substantial" reason, and the difference in treatment between residents and nonresidents did not bear a close or substantial relation to those reasons.
¶ 8 More recently, the Supreme Court struck down a local rule of a federal court that required an attorney to reside or maintain an office in that state in order to be admitted to the bar. In Frazier v. Heebe, ___ U.S. ___, 107 S.Ct. 2607,96 L.Ed. 2d 557 (1987), the Court specifically rejected the argument that such residency requirement facilitated the efficient administration of justice, because nonresident attorneys allegedly are less competent and less available to the court than resident attorneys, and noted that a client may have a number of excellent reasons to select a non-local lawyer. The Court held that the residency requirement was "unnecessary" and "arbitrarily discriminate[d] against out-of-state attorneys."
¶ 9 There is no discernible "substantial reason for the difference in treatment" between residents and nonresidents mandated by 59 O.S. 1906(B)(2) (1988), and it does not appear that the discrimination practiced against nonresidents bears a substantial relationship to the State's objective of regulating licensed professional counselors. Therefore, the residency requirement in 59 O.S. 1906(B)(2) is unconstitutional because it arbitrarily discriminates against out-of-state professional counselors. Such persons, if able to meet all valid requirements of licensure, may practice in Oklahoma upon obtaining such a license.
¶ 10 It is, therefore, the official opinion of the AttorneyGeneral that 59 O.S. 1906(B)(1) and 59 O.S. 1906(B)(2)(1988) are unconstitutional insofar as such sections purport toexclude all aliens and non residents from practicing as licensedprofessional counselors without regard to other factors. Theserestrictions, respectively, violate the Equal Protection Clauseof the Fourteenth Amendment of the United States Constitution andthe Privileges and Immunities provisions of Article IV, 2 to theUnited States Constitution.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
KATHLYN A. RHODES ASSISTANT ATTORNEY GENERAL